UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-21522-CV-MOORE
MAGISTRATE JUDGE REID

JAMES T. WEBB,

    Petitioner,

v.

UNITED STATES,

    Respondent.
                                 /

## **REPORT OF MAGISTRATE JUDGE**

THIS CAUSE is before the Court upon *pro se* Petitioner's self-styled "Timely Rule 59[(e)] Motion in Compliance with Local Rules" ("Rule 59(e) Motion") [ECF No. 15], filed pursuant to Fed. R. Civ. P. 59(e), and "Motion to Correct Docket . . . and or Motion for Other Miscellaneous Relief" ("Motion to Correct Docket") [ECF No. 20]. This case has been referred to the Undersigned for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters, pursuant to 28 U.S.C. § 636 and S.D. Fla. Admin. Order 2019-2. [ECF No. 2]. For the reasons set forth below, Petitioner's Rule 59(e) Motion [ECF No. 15] and Motion to Correct Docket [ECF No. 20] should be **DENIED**.

### I. Procedural History

Petitioner, currently confined at Butner Federal Medical Center in Butner, North Carolina, formerly initiated this case by seeking a writ of *habeas corpus* ("petition"). [ECF No. 1 at 1].[1] Petitioner referenced two cases in his petition, a civil action in this District and a criminal

---

[1] Citations to [ECF] refer to docket entries in this case, Case No. 20-21522-CV-MOORE. Citations to [CR-ECF] refer to docket entries in criminal Eastern District of North Carolina Case No. 5:12-00301-cr-D-1. Citations to [CV1-ECF] refer to docket entries in Case No. 07-61655-CV-Middlebrooks.

prosecution in the Eastern District of North Carolina. [*Id*.]. The former civil action referenced by Petitioner was a Securities and Exchange Commission ("SEC") civil enforcement action which was closed on August 10, 2009. *See* Order Closing Case, *SEC v. Webb*, No. 07-61655-CV-Middlebrooks (S.D. Fla. August 10, 2009), [CV1-ECF No. 77]. The criminal prosecution concluded on January 15, 2014, when Petitioner was convicted and sentenced in the Eastern District of North Carolina. *See* Judgment, *United States v. Webb*, No. 5:12-cr-00301-D-1 (E.D.N.C. Jan. 15, 2014) [CV1-ECF No. 127].

Consequently, the Undersigned entered a Report and Recommendation ("R & R"), finding that the only connection between Petitioner and the Southern District of Florida was the closed SEC civil enforcement action, and that Petitioner's attempt to seek a writ of *habeas corpus* in this District was misplaced. [ECF No. 4 at 2]. The Undersigned found that because Petitioner was in custody in Butner, North Carolina, pursuant to a judgment from the Eastern District of North Carolina, his petition for a writ of *habeas corpus* was improperly filed in this Court. [*Id*. at 2-3]. Finally, the Undersigned recommended that the case be dismissed for lack of jurisdiction. [*Id*. at 3].

On June 25, 2020, the Court adopted the R & R, and found, in summary, that Petitioner's objections did not challenge any of the Undersigned's factual findings, and the case was closed. [ECF No. 8 at 2]. On July 22, 2020, Petitioner filed a motion to alter or amend judgment [ECF No. 9], which was stricken for failure to comply with the local rules. [ECF No. 10]. Subsequently, Petitioner filed two duplicative motions to alter and amend judgment [ECF Nos. 11, 13], which were stricken [ECF No. 14], and a motion for reconsideration [ECF No. 12], which was denied [ECF No. 14]. The Court further ordered that because "Petitioner's first Rule 59(e) Motion was timely filed, the Court [would] consider one renewed 59(e) motion as timely[,] if it complie[d]

with the Local Rules, including the twenty (20) page limit, and [was] filed on or before August 11, 2020. [ECF No. 14].

On August 10, 2020, Petitioner filed the instant Rule 59(e) Motion, which is twenty-three pages, with additional pages of attachments. [ECF No. 15]. Nevertheless, the Undersigned will consider the merits of Petitioner's Rule 59(e) Motion.

## II. Discussion

1) Rule 59(e) Motion

A motion to alter or amend a civil judgment may be filed within twenty-eight days of entry of the judgment. *See* Fed. R. Civ. P. 59(e). "The only grounds for granting a Rule 59(e) motion are newly discovered evidence or manifest error of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Jacobs v. Tempur-Pedic Int'l, Inc.,* 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005)).

Here, Petitioner's Rule 59(e) Motion does not present any new evidence or demonstrate that the Court made any manifest errors of law or fact. In Petitioner's Rule 59(e) Motion, he requests that the Court grant an "anti-suit injunction against" the Eastern District of North Carolina in Case No. 5:12-cr-00301-D-1, and that the Court grant his "immediate release from federal prison." [ECF No. 15 at 23]. As the Court previously noted, a habeas petitioner challenging a federal court's sentence may only bring an action challenging that sentence in the district that imposed it. *See Partee v. Atty. Gen., Ga.,* 451 F. App'x 856, 858 (11th Cir. 2012); [ECF No. 8 at 3]. Accordingly, because Petitioner is in custody in Butner, North Carolina, pursuant to a judgment

3

from the Eastern District of North Carolina, his petition for a writ of *habeas corpus* is improperly filed in this Court, and was correctly denied [ECF No. 8].

Petitioner, also once again asserts that the "United States Attorneys within the Southern District of Florida [chose] the Southern District of Florida[,] not the Eastern District of North Carolina[,] as the lex loci contractus for this matter, and Federal Judge Middlebrooks retained jurisdiction over this 'matter' in the Southern District of Florida Federal District Court." [ECF No. 15 at 19]. Here, Petitioner appears to refer to the Order Freezing Assets and Granting Other Emergency Relief, in Case No. 07-61655-CV-Middlebrooks, which states "the Court shall retain jurisdiction over this matter for all purposes." [CV1-ECF No. 83]; [ECF No. 8 at 2]. As the Court noted in the Order Adopting, "it defies logic to read the language Petitioner relies on as this Court's assertion of jurisdiction over any future criminal actions, brought in any federal district in the country, simply because it arose out of the same nucleus of fact as the *civil enforcement action* brought before this Court." [ECF No. 8 at 3] (emphasis in original).

Simply stated, any *habeas petition* brought by Petitioner in this Court, which challenges his sentence imposed by the Eastern District of North Carolina or challenges his custody while outside the Southern District of Florida should be dismissed for lack of jurisdiction. Accordingly, for the reasons outlined above, Petitioner has provided no new evidence nor demonstrated that the Court made any manifest errors of law or fact, and Petitioner's Rule 59(e) Motion [ECF No. 15] should be denied.

2) <u>Motion to Correct Docket and Motion for Other Miscellaneous Relief</u>

Petitioner has also filed a Motion to Correct Docket, requesting that the docket reflect this case as active. [ECF No. 20 at 3]. Because Petitioner's Rule 59(e) Motion should be denied, this request should also be denied. Petitioner also indicates that he contracted COVID-19, and requests

4

immediate release. [ECF No. 20 at 4]. To the extent Petitioner is seeking to modify his sentence under 18 U.S.C. § 3582, "it follows that such a motion must be filed in the district court which imposed the sentence." *Braswell v. Gallegos*, 82 F. App'x 633, 635 (10th Cir. 2003). Here, as indicated, the court that imposed Petitioner's sentence is in the Eastern District of North Carolina, therefore, this Court does not have jurisdiction to consider any request by Petitioner for a modification of sentence. *See id*. The Motion to Correct Docket [ECF No. 20] should be denied.

Finally, Petitioner is cautioned that this case, Case No. 20-21522-CV-MOORE, was closed pursuant to the Order Adopting Report [ECF No. 8], and the Court will not consider any further filings in this case.

### III. Recommendations

Based on the foregoing, it is **RECOMMENDED** that Petitioner's Rule 59(e) Motion [ECF No. 15] and Motion to Correct Docket [ECF No. 20] be **DENIED**, and the case remain **CLOSED**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Judge within **FOURTEEN DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**SIGNED** this 4th day of February, 2021.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:    James T. Webb
       13206056
       Butner FMC
       Federal Medical Center
       Inmate Mail/Parcels
       Post Office Box 1600
       Butner, NC 27509
       PRO SE