UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-21522-KMM

JAMES T. WEBB,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
    _____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon *pro se* Petitioner James T. Webb's ("Petitioner") self-styled Timely Rule 59[(e)] Motion in Compliance with Local Rules ("Rule 59(e) Motion") (ECF No. 15) and Motion to Correct Docket . . . and/or Motion for Other Miscellaneous Relief ("Motion to Correct Docket") (ECF No. 20). The Court referred the matter to the Honorable Lisette M. Reid, United States Magistrate Judge, who issued a Report and Recommendation recommending that both Motions be DENIED. ("R&R") (ECF No. 21). Petitioner filed Objections on February 22, 2021, which, while untimely, the Court gratuitously considers. (ECF Nos. 22, 23).[1] The matter is now ripe for review. As set forth below, the Court ADOPTS the Report and Recommendation.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem,*

---

[1] The second filing (ECF No. 23) is duplicative of the first (ECF No. 22).

*Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Petitioner is presently confined at Butner Federal Medical Center in Butner, North Carolina. On April 9, 2020, Petitioner filed a self-styled Great Writ ("Petition") regarding two different cases. *See* (ECF No. 1). The first case referenced was a civil enforcement action before the Southern District of Florida that was closed on August 10, 2009. R&R at 2. The second case referenced was a criminal prosecution before the Eastern District of North Carolina that concluded on January 15, 2014, resulting in Petitioner's conviction and sentence. *Id.* On June 4, 2020, Magistrate Judge Reid entered a Report and Recommendation recommending that the Petition be denied. *See* (ECF No. 4). On June 25, 2020, the Court entered an Order adopting the Report and Recommendation, overruling Petitioner's Objections, and denying the Petition because the sentence Petitioner challenged was imposed by the Eastern District of North Carolina. *See* (ECF No. 8). Petitioner filed several motions thereafter which were either stricken or denied for various reasons. *See* (ECF Nos. 9, 10, 11, 12, 13, 14). The Court granted Petitioner leave to file one renewed Rule 59(e) motion. *See* (ECF No. 14).

As set forth in the instant Report and Recommendation, Magistrate Judge Reid recommends that the Rule 59(e) Motion be denied because it does not present any new evidence or demonstrate that the Court made any manifest errors of law or fact. R&R at 3. Further, Magistrate Judge Reid recommends that the Motion to Correct Docket be denied because in that Motion Petitioner requests that the docket reflect this case as active, however this case is closed and should remain closed. *Id.* at 4–5. Finally, to the extent that Petitioner seeks to modify his sentence under 18 U.S.C. § 3582 in the Motion to Correct Docket, Magistrate Judge Reid recommends that it be denied because the Court does not have jurisdiction to consider any request by Petitioner for a modification of sentence. *Id.* at 5.

2

In his Objections, Petitioner attempts to relitigate issues the Court has already disposed of or that are wholly unrelated to the nature of Magistrate Judge Reid's factual findings. *See generally* (ECF Nos. 22, 23). For example, Petitioner continues to argue that the Court, in closing the civil enforcement action in 2009, retained jurisdiction over Petitioner for *all purposes*, thus foreclosing another jurisdiction from prosecuting him criminally for any conduct related thereto. *See* (ECF No. 23) at 4–5. The Court dismissed this argument as illogical in its initial Order Adopting Report and Recommendation. *See* (ECF No. 8). As another example, Petitioner objects to Magistrate Judge Reid's statement that "the only connection between Petitioner and the Southern District of Florida was the closed SEC civil enforcement action," citing the many ways he may otherwise generally be subject to personal jurisdiction in Florida. *See* (ECF No. 23) at 8–9. Petitioner offers no specific objections to the findings relevant to this matter, which are quite simply that (1) Petitioner's Rule 59(e) Motion presents no new evidence nor demonstrates that the Court made any manifest errors of law or fact; (2) this matter is and should remain closed; and (3) the Court does not have jurisdiction to consider a request to modify a sentence imposed in the Eastern District of North Carolina. *See generally* R&R. Accordingly, Petitioner's Objections are OVERRULED.

UPON CONSIDERATION of the Motions, the Report and Recommendation, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Reid's Report and Recommendation (ECF No. 21) is ADOPTED and Petitioner's Rule 59(e) Motion (ECF No. 15) and Motion to Correct Docket (ECF No. 20) are DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this __12th__ day of March, 2021.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: James T. Webb
13206056
Butner FMC
Federal Medical Center
Inmate Mail/Parcels
Post Office Box 1600
Butner, NC 27509
PRO SE